UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL KECK,<br><br>            Plaintiff,<br><br>    v.<br><br>S. BATRA,<br><br>            Defendant. | Case No. 1:19-cv-00910-JDP<br><br>SCREENING ORDER<br><br>FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS<br><br>ECF No. 1 |

Plaintiff Bill Keck is a civil detainee proceeding without counsel and without prepayment of fees in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915(e). I have screened plaintiff's complaint and find that it contains insufficient detail to state a claim, though I give plaintiff leave to file an amended complaint within 30 days. Should plaintiff wish to amend, he should include more detail on the actions of defendant, the events giving rise to a constitutional violation, and the harm suffered.

**SCREENING AND PLEADING REQUIREMENTS**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

1

662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

*Threshold Requirements of 42 U.S.C. § 1983*

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

Plaintiff's complaint includes insufficient detail to link the defendant to a deprivation of plaintiff's rights. Plaintiff's entire description of the facts underlying his claim is as follows: "There are numerous peers, [registered nurses, and psychological technicians that] have observed my constant need to have an [Americans with Disabilities Act] item to be issued for stability and

2

walking. This so-called doctor refuses to even discuss this nor have me assessed for this or need for it." ECF No. 1 at 4. If plaintiff files an amended complaint, he should focus in detail on the personal actions of the defendant—rather than rely on the assumed knowledge of parties not before the court.

In addition, plaintiff may wish to consider some relevant constitutional guideposts. While "persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982), the analogous Eighth Amendment standard may still be used as a benchmark for unconstitutional conduct, *see generally Smith v. Solano Cty.*, No. 2:11-cv-142, 2013 WL 3930730, at *4 (E.D. Cal. July 29, 2013). To succeed on an analogous Eighth Amendment claim concerning medical treatment, a plaintiff would need to show that a medical need was "serious" by demonstrating that a failure to treat "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted). And a plaintiff would need to show that the defendant's response was deliberately indifferent by showing "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and "harm caused by the indifference." *Id*.

**CONCLUSION AND ORDER**

I have screened plaintiff's complaint and find that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. An amended complaint would need to allege what each defendant did and why those actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within thirty days, I will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[1] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff

---

[1] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507

3

of constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plaintiff must allege that each defendant personally participated in the deprivation of his rights.  *See Jones*, 297 F.3d at 934.  Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims.  Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint must be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly,

1. Within thirty days from the service of this order, plaintiff must file a First Amended Complaint.

2. Failure to comply with this order will result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   November 27, 2019                                    _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

4