UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL KECK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. BATRA,<br><br>　　　　Defendant. | Case No. 1:19-cv-00910-JDP<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>THIRTY-DAY DEADLINE |

Plaintiff Bill Keck is a civil detainee proceeding without counsel and without prepayment of fees in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint was screened on December 2, 2019, and plaintiff was ordered to respond within thirty days. ECF No. 8. Plaintiff, however, has filed neither a response to the screening order nor a first amended complaint.

To manage our docket effectively, we impose deadlines and require litigants to meet those deadlines. When a plaintiff fails to comply with court-imposed deadlines, the court may dismiss the plaintiff's case for failure to prosecute. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

We will give plaintiff the opportunity to explain why the court should not dismiss his

case for failure to prosecute. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in dismissal of this case. Accordingly, plaintiff must show cause within thirty days of the date of entry of this order why the court should not dismiss his case for failure to prosecute.

IT IS SO ORDERED.

Dated: April 4, 2020

UNITED STATES MAGISTRATE JUDGE

No. 205.