UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL KECK,<br><br>            Plaintiff,<br><br>   v.<br><br>S. BATRA,<br><br>            Defendant. | Case No. 1:19-cv-00910-AWI-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 14) |

Before the Court is Plaintiff Bill Keck's ("Plaintiff" or "Keck") First Amended Complaint subject to screening under 28 U.S.C. § 1915. (Doc. No. 14, "FAC"). The undersigned recommends the district court dismiss the FAC because it fails to state a plausible constitutional claim upon which relief can be granted.

## BACKGROUND

**A. Procedural Posture**

Keck, a civil detainee proceeding pro se and *in forma pauperis*, initiated this matter by filing a civil rights action under 42 U.S.C. § 1983 on July 3, 2019 while detained at Coalinga State Hospital. (Doc. Nos. 1, 5). The former assigned magistrate judge screened Plaintiff's initial

---

[1] The undersigned submits these factual findings and recommendations to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

complaint and found the complaint deficient because it failed to allege sufficient facts to state a constitutional claim. (Doc No. 8 at 1-3). The order directed Plaintiff to file an amended complaint within thirty (30) days. (*Id.*). After Plaintiff failed to timely file an amended complaint, the court issued an order to show cause why the case should not be dismissed for failure to prosecute or comply with the court order. (Doc. No. 9). When Plaintiff failed to respond, the former magistrate judge issued findings and recommendations to dismiss the action on May 15, 2020. (Doc. No. 10). While the findings and recommendations were pending, Plaintiff moved for an extension of time to file an amended complaint, which he filed on June 25, 2020. (Doc. Nos. 11, 14). The case was reassigned to the undersigned, and on October 28, 2021, the undersigned rescinded the May 15, 2020 findings and recommendations due to Plaintiff's filing his FAC. (Doc. No. 18).

**B. Summary of FAC**

Plaintiff's FAC identifies "S. Batra, M.D." as the sole Defendant on the caption of the case and as the sole Defendant in the body of the FAC under "Defendants." (Doc. No. 14 at 1, 2).[2] Plaintiff identifies the basis for jurisdiction as the "5th and 14th Amendment," (*id*. at 3), and elaborates his claims are predicated upon the fact he was "refuse[d] medical treatment and medical A.D.A. items." (*Id.* at 4). Plaintiff states the events giving rise to the cause of action began in October 2005 and continued to the filing of the FAC. (*Id*.). Attached to the FAC are two exhibits. Plaintiff identifies Exhibit 1 as a "test that was done [which] proves that the plaintiff does have a medical problem and should have a walker for his safety." Plaintiff identifies Exhibit 2 as documents filed with the Department of Consumer Affairs. (*Id.* at 11, 13-20).

Liberally construed, the FAC attempts to set forth a: (1) medical deliberate indifference claim stemming from Dr. Batra's refusal to issue Plaintiff a walker; and (2) retaliation claims against unspecified staff for not permitting Plaintiff to administer his own finger pricks for sugar

---

[2] On the caption, Plaintiff includes "et. al." suggesting other Defendants are named in the action. (*Id*. at 1). A review of the FAC reveals only a passing reference to an individual with the last name Robles, *id.* at 9, who Plaintiff identifies as a mental health technician at Coalinga State Hospital.

1  testing or his own shots for diabetes.  Regarding the medical claim, Plaintiff states, "for several
2  months" he has been "suffering from pain which radiates down the back of both legs" and has
3  "weakness in both legs which causes instability in the way [he] walks." (*Id.* at 8).  Because he is
4  having difficulty "navigating the halls" Plaintiff requested Dr. Batra, "on several occasions" to
5  "initiate the process" so he may obtain a walker "to assist [him] in [his] mobility." (*Id.*).  Doctor
6  Batra "refused on every occasion [to provide a walker], and further ignores [Plaintiff's] pleas for
7  medical assistance." (*Id.*).  Plaintiff refers the Court to Exhibit 1 where he claims it was
8  documented he required a walker. (*Id*).

9     With regard to his claim of retaliation, Plaintiff states after he began requesting a walker,
10  "staff" refused to allow him to do his own finger prick test for his sugar count and stopped
11  allowing him to give himself his own shots for diabetes. (*Id.* at 9).  He also alleges "they" are
12  forcing him to take his meds. (*Id.*).  Plaintiff refers to a medical technician by the last name
13  Robles, and states Robles interfered with his medical exams noting Robles and is not a " medical
14  doctor only a pysh tect." (*Id.*).

15     Plaintiff seeks a litany of relief, including, but not limited to, order(s) directing: (1)
16  Coalinga State Hospital to send him to specialist; (2) officials to permit him administer his own
17  finger pricks and shots; (3) provision of a walker; and (4) Coalinga to pay for costs of medical
18  care and for costs of this lawsuit. (*Id.* at 10).

19                                  **APPLICABLE LAW**
20     **A.  Screening Requirements**
21     Because Plaintiff seeks to proceed *in forma pauperis*, the Court may dismiss this action
22  "at any time" if the Court determines, *inter alia*, the action is frivolous or fails to state a claim.  28
23  U.S.C § 1915(e)(2)(B)(i)-(ii).  A claim is legally frivolous when it lacks an arguable basis either
24  in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Franklin v. Murphy*, 745
25  F.2d 1221, 1227-28 (9th Cir. 1984).  Alternatively, claims are frivolous where they are based on
26  an indisputably meritless legal theory or where the factual contentions are clearly baseless.
27  *Neitzke*, 490 U.S. at 327.  And a claim is frivolous "when the facts alleged rise to the level of the
28  irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describ[e] fantastic or delusional scenarios").

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the Court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678. Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

**B. Section 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v.*

4

*Dep't of Soc. Servs.*, 436 U.S. 658, 692-693 (1978); *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

## ANALYSIS

For the reasons discussed below, the undersigned finds the FAC objectively fails to state either a medical deliberate indifference claim under the Fourteenth Amendment, or a retaliation claim under the First Amendment, or any other claim, and recommends the district court dismiss the FAC.

**A. Medical Condition Claims**

"Persons who are involuntarily committed are entitled to more considerate treatment and conditioned of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982) (citations omitted). The Fourteenth Amendment applies to claims filed by the civilly detained regarding their conditions of confinement. *Jonas v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004); *Mitchell v. Washington*, 818 F.3d 436 (9th Cir. 2016). Critically, "an individual detained under civil process – like an individual accused but not convicted of a crime – cannot be subject to conditions that "amount to punishment." *Jones*, 393 F.3d at 932 (citing *Bell*, 441 U.S. at 536).

The Ninth Circuit has held that the objective, not subjective, deliberate indifference standard applies when evaluating a pretrial detainee's medical care claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (holding claims for violations of the right to adequate medical care for pretrial detainees are evaluated under the objective standard set forth in *Castro*[3]). The elements of a detainee's medical care claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though

---

[3] *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused plaintiff's injuries. *Id*. at 1124-1125.

The "mere lack of due care" by a defendant does not deprive an individual of his rights under the Fourteenth Amendment. *Castro*, 833 F.3d at 1071 (citations omitted). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Gordon*, 888 F.3d at 1125(citations omitted). Hence gross negligence, a difference in medical opinion, malpractice, and misdiagnosis does not establish a constitutional violation. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990); *Thompson v. Worch*, 6 F. App'x 614, 616 (9th Cir. 2001); *Anchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); and *DiMarzio v. Jacobs*, 162 F. App'x 774, *1 (9th Cir. 1989).

Plaintiff complains he has fallen down "many time because of [his] hip" and has pain and weakness in his legs that results in his instability when walking. (Doc. No. 14 at 7-8). Plaintiff maintains he needs a walker, but Dr. Batra "refused on every occasion" to provide him one. (Doc. No. 14 at 8). Plaintiff claims Exhibit 1 demonstrates his "medical need" for a walker. (*Id*. at 8; 13-16). Notably, the FAC contains no allegations that Dr. Batra ever refused to treat and/or examine Plaintiff. Instead, the gravamen of the FAC is that Dr. Batra disagreed with Plaintiff as to whether Plaintiff had a medical need for a walker.

At this stage of the proceedings, the Court must accept the Plaintiff's factual allegations as true and construe them in the light most favorable to the Plaintiff. The Court's review is limited to the complaint, exhibits attached and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). Because the exhibits are attached and incorporated in the FAC, the Court may consider the exhibits when their authenticity is not questioned. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)(noting at 12(b)(6) stage material properly submitted as part of the complaint may be considered without converting the motion to dismiss to a motion for summary judgment).

"Exhibit 1" referenced in the FAC comprises four pages: a title page attaching copies of

6

scans of Plaintiff's neck, spine and left hip taken upon referral from J. George M.D. on March 21, 2018. (Doc. No. 14 at 13-16). Plaintiff points to the word "Osteopenia" which appears next to "WHO Classification" on the scan of his hip and writes "this word indicates I have very weak bones and if I fall my bones can easily break which means I qualify for a walker." [4] (Doc. No. 14 at 16). Plaintiff also circles the word "Increased" next to "Fracture Risk" on the scan. (*Id*.) "Exhibit 2" referenced in the FAC comprises four pages: a cover page, a one-page excerpt from Plaintiff's medical files containing handwritten notes bearing a stamped signature of "S. Batra D.O. DSH-Coalinga" and a scrawled "B" signature. (*Id*. at 18). Next to the handwritten notes are the dates "6/17/19" and "6/13/19." (*Id*.). The medical notes written by Dr. Batra, although at times undecipherable, address the issue of Plaintiff's desire for and Dr. Batra's assessment of whether Plaintiff required a walker and read as follows:

> [Illegible] Consult. General consent written. Pt seen by specialist self-referral. Pt specialist recommends a walker. No subject or objective that show any assessment for a walker. Pt Controlled DM. No Med Recommendations. RTC[5] 3 months.
>
> Pt has normal gait. No indication for walker. Controlled DM now was uncontrolled [illegible] non-adherence. Pt now controlled w/o [illegible]. Not indicated for [illegible] consult. Pt to F/U with PCP.

(Doc. No. 14 at 18).

Also included within Exhibit 2 are letters dated June 10, 2020 and February 11, 2020 from the Osteopathic Medical Board of California to Plaintiff regarding his complaint concerning Dr. Batra inquiring, when did Plaintiff "injure [his] pelvis" and when was his "request for treatment denied?" (Doc. No. 14 at 19-20). Dr. Batra is identified as a "licensed Osteopathic Physician and Surgeon." (*Id*.). The letters request Plaintiff to complete authorized medical forms and state once the authorization and Plaintiff's medical files are received, the review process will take months. (*Id*.).

---

[4] "Osteopenia is a loss of bone mineral density (BMD) that weakens bones. It's more common in people older than 50, especially women. Osteopenia has no signs or symptoms, but a painless screening test can measure bone strength. Certain lifestyle changes can help you preserve bone density and prevent osteoporosis." https://my.clevelandclinic.org

[5] The Court construes the acronym "RTC" as Return to Clinic.

The undersigned finds that Plaintiff's claim against Dr. Batra does not rise to a due process violation. Significantly, the Physician Progress Notes from the two date in June of 2019 show that Dr, Batra examined Plaintiff and determined Plaintiff has a normal gait and does *not* need a walker. Thus, despite Plaintiff's own assessment that he requires a walker, the exhibits containing a physician's assessment after an examination contradict Plaintiff's assessment as to whether he requires a walker. While the Court accepts the factual allegations in the FAC as true, it need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr.Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). The exhibits support a finding that the issue here amounts to only a difference of medical opinion between Plaintiff and Dr. Batra. The FAC does not provide sufficient facts that Defendant Batra acted with reckless disregard in failing to provide him with a walker, that his decision to not provide him with a walker places Plaintiff at a substantial risk of suffering serious harm, or that Plaintiff suffered any injuries due to Doctor Batra's decision to deny Plaintiff's request for a walker. Plaintiff points to his hip scan and his diagnosis of Osteopenia as evidence that he requires a walker, but the scan makes no mention of the need for a walker anywhere. Instead, the FAC alleges only that, after examining Plaintiff, Doctor Batra disagreed with Plaintiff's assessment and instead concluded Plaintiff's medical condition did not require a walker. Dr. Batra's notes reference that both objective and subjective testing does not support the need for a walker. Further, Dr. Batra examined Plaintiff and found he had a normal gait. Based on the brevity of the facts alleged and as controverted by the exhibits, the undersigned finds no basis to infer that Dr. Batra's decision to not prescribe Plaintiff a walker amounted to the level of recklessness necessary to support a finding under the Fourteenth Amendment's objective deliberate indifference standard. Based on the foregoing, the undersigned recommends the district court dismiss the FAC for failure to state a Fourteenth Amendment medical claim of medical deliberate indifference.

**B. ADA Claim**

The FAC makes a passing reference to the "A.D.A.," but otherwise fails to allege any

facts to support a claim under the American with Disabilities Act.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  "The term 'services, programs, or activities' as used in the ADA is . . . broad, 'bringing within its scope anything a public entity does.'" *Fortyune v. City of Lomita*, 766 F.3d 1098, 1101 (9th Cir. 2014) (quoting *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002)).

To state a claim under Title II of the ADA, plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original).  The proper defendant in an ADA action is the public entity responsible for the alleged discrimination.  *U.S. v. Georgia*, 546 U.S. 151, 153 (2006).

Here, other than containing allegations that Plaintiff requires a walker, the FAC is otherwise devoid of any facts to support that Plaintiff has been excluded from any activities due not having a walker.

**C. Retaliation Claims**

The standard for civil detainees and prisoners pursuing First Amendment retaliation claims is the same.  *Saint-Martin v. Price*, Case No. 2:18-cv-00123-DAD-SKO, 2018 WL 731507, *3 n. 3 (E.D. Cal. 2018) (citations omitted) (noting neither case law nor the parties argued that the standard for civil detainees was different from that of prisoners pursuing a First Amendment retaliation claim).  "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)).  To prevail on a retaliation claim under the First Amendment, a plaintiff must show that: (1) he

engaged in a protected conduct; (2) a state actor took some adverse action against him; (3) the protected conduct was a "substantial" or "motivating" factor behind the adverse action; (4) the adverse action would chill a person of ordinary firmness from future exercise of First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, the FAC paints a broad picture referring to "medical staff" generally. With references to "medical staff" and "they," Plaintiff claims he is no longer allowed to give himself his diabetes shots and staff have been "forcing" him to take his medications. While Plaintiff believes this is happening in retaliation because he requested a walker, the FAC fails to allege any casual connection between the acts of any medical staff and his request to Dr. Batra for a walker. Plaintiff identifies only one staff member by name—Robles. But Plaintiff only states Robles "interfered" with Plaintiff's medical examination.

None of the required elements of a retaliation claim are satisfied based on the above facts set forth in the FAC. Requesting a walker in and of itself is not protected activity under the First Amendment. The FAC does not allege that Plaintiff filed any grievances or engaged in any other protected conduct. Moreover, requiring Plaintiff to take his prescribed medications does not sound in retaliation. Nor does the FAC allege that Plaintiff does not need these medications. Thus, the facts Plaintiff alleges in his FAC fall woefully short of alleging a cognizable First Amendment retaliation claim.

## FINDINGS AND RECOMMENDATIONS

Based on the above, the undersigned finds Plaintiff's FAC does not state a cognizable claim against Defendant Doctor Batra for deliberate indifference to a serious medical condition claim under the Fourteenth Amendment. The FAC otherwise fails to state an ADA claim or a First Amendment retaliation claim against any other defendant. Despite being provided with the relevant pleading and legal standards, Plaintiff was unable to cure the deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's First Amended Complaint against Defendant Batra be dismissed for failure

to state a cognizable claim.

2. All other claims and an unnamed defendants identified only as "et al." be dismissed.

### **NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:     July 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

11